UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
RUDY GARCIA,

                     Petitioner,

                                 <u>MEMORANDUM AND ORDER</u>
      -against-                  18-CR-632(JS)

UNITED STATES OF AMERICA,

                     Respondent.
----------------------------------X
APPEARANCES
For Petitioner:    Rudy Garcia, <u>pro se</u>
                 #91266-053
                 U.S. Penitentiary Atlanta
                 P.O. Box 150160
                 Atlanta, Georgia 30315

For Respondent:    Charles N. Rose, Esq.
                 Anthony Bagnuola, Esq.
                 United States Attorney's Office
                 Eastern District of New York
                 610 Federal Plaza
                 Central Islip, New York 11201

SEYBERT, District Judge:

        Pursuant to a Plea Agreement with the Government that included a waiver of his right to appeal or collaterally attack his conviction and sentence, Rudy Garcia ("Petitioner") entered a guilty plea to one count of gun trafficking, in violation of 18 U.S.C. § 924(j)(1), and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Following the guilty plea, Petitioner was sentenced to a total of one hundred twenty (120) months of incarceration, comprised of sixty (60) months of incarceration on the first charge, to run concurrent

with one hundred twenty (120) months of incarceration on the second charge, as well as three years of supervised release. (See Judgment, ECF No. 46.)

On June 12, 2020, Petitioner, acting pro se, moved this Court to vacate, set aside, or correct his conviction and sentence pursuant to 28 U.S.C. § 2255 (hereafter, the "Petition"). (See ECF No. 67[1]; see also Support Memo, ECF No.67 at ECF pp.13-31. [2]) Petitioner raises three grounds for relief: (1) that the indictment was insufficient under Rehaif; (2) that his plea allocution was insufficient; and (3) that counsel's representation constituted ineffective assistance of counsel under three theories, to wit: (i) that counsel was ineffective for failure to ensure the Government met its burden of proof under Rehaif; (ii) that counsel failed to conduct a pre-trial investigation; and (iii) that counsel failed to file a notice of appeal on Petitioner's behalf. (See Petition.) The Government opposes the Petition.[3] (See Opp'n, ECF

---

[1] The Court will use the page numbers generated by the Court's electronic case filing ("ECF") system when citing to the Petition.

[2] Petitioner has attached a memorandum of law to his Petition in support of his claims (hereafter, the "Support Memo"). Having reviewed the Support Memo, it is apparent that certain pages are either missing or out of sequence; regardless, the Court interprets Petitioner's claims to present the strongest argument possible in support of his Petition.

[3] Although given the opportunity to do so, Petitioner did not file a reply. (See June 16, 2020 Order to Show Cause, ECF No. 68, ¶3 ("Petitioner, within twenty (20) days of receipt by him of a copy of the return, shall file a reply, if any, with the Clerk of this

No. 71.)  For the following reasons, the Petition is DENIED in its entirety.

<u>BACKGROUND</u>

I.   <u>The Underlying Crimes</u>[4]

Between October 2017 and July 2018, Petitioner, along with his co-defendant and son, Shane Garcia ("Shane"), illegally engaged in dealing firearms.  On or about November 27, 2018, Petitioner and Shane were indicted by a federal grand jury of illegal dealing in firearms, in violation of 18 U.S.C. § 922(a)(1)(A) (Count One).  (Indictment, ECF No. 16.)  In addition, Petitioner was indicted on five counts of being a felon in possession of firearms and ammunition in violation of 18 U.S.C. § 922(g)(1) (Counts Two-Six).  (<u>See</u> <u>id.</u>)

II.  <u>Petitioner's Guilty Plea</u>

On March 1, 2019, pursuant to a Plea Agreement with the Government, Petitioner pled guilty to Count One, illegal dealing in firearms, and Count Six, felon in possession in violation of § 922(g)(1), of the Indictment.  (<u>See</u> Min. Entry, ECF No. 24; Plea

_____

Court."); <u>see also</u> July 1, 2020 Elec. ORDER (extending Government's deadline to file its response to Aug. 5, 2020 and instructing Petitioner that his reply, if any, shall be filed within twenty days after his receipt of the Government's response); <u>cf.</u> Case Docket, <u>in toto</u>.)

[4]  The facts are drawn from the Indictment and the Presentence Investigation Report ("PSR") that the Court adopted, as amended, during sentencing.  (<u>See</u> Indictment, ECF No. 16; PSR, ECF No. 32, ¶¶ 1-11; Min. Entry, ECF No. 45.)

3

Tr., ECF No. 71-1.)   At both the plea hearing and sentencing, Petitioner was represented by defense counsel Robert P. LaRusso.

Prior to entering the plea, the Court determined that Petitioner: was competent; had not taken any medication; understood that he had an absolute right to go to trial; and, understood that, at trial, it is the Government's burden to prove his doubt beyond a reasonable doubt. (Plea Tr. at 4:6-5:13, 7:10-8:7.)   The Court further explained to Petitioner his sentencing exposure if he pled guilty, specifically informing Petitioner that the estimated sentencing range was 60 to 120 months; Petitioner stated that he understood.   (Plea Tr. 5:25-6:18.)

Additionally, as part of his Plea Agreement, Petitioner agreed that he would not appeal or otherwise challenge his conviction or sentence if the Court sentenced him to a term of imprisonment of 120 months or less, and acknowledged that he agreed not to file an appeal or otherwise challenge his sentence if he was sentenced to 120 months' imprisonment. (Plea Tr. at 5:19-23.) The Court asked Petitioner whether he was satisfied with LaRusso as his attorney, and Petitioner stated he was. (Plea Tr. 5:14-17.)

The Court asked Petitioner to explain what made him guilty of the crimes; Petitioner responded: between October 2017 and November 2018, he illegally dealt firearms; that he was a felon in possession of a firearm; and that he knew he did not have a

4

license for the firearms and, as a felon, he could not possess them legally.  (Plea Tr. 11:15-12:18.)  Thereafter, pursuant to Criminal Rule 11, the Court accepted Petitioner's guilty plea, finding that Petitioner made a knowing and voluntary waiver of his rights, and that Petitioner understood the consequences of pleading guilty.  (Plea Tr. 14:23-15:2.)

III. Petitioner's Sentencing

On August 10, 2018, the parties appeared for sentencing. (See Sent'g Tr., ECF No. 71-3.)  Before Petitioner's sentencing, the PSR and the parties' pre-sentencing submissions were reviewed by the Court.  And, prior to imposing its sentence, the Court heard from defense counsel LaRusso (id. at 4:17-10:4, 11:9-23), Petitioner (id. at 10:7-11:8), and the Government (id. at 12:1-19).  After careful consideration of the Section 3553(a) factors,[5] the Court imposed a below Guidelines sentence of 60 months of imprisonment on Count One and 120 months' imprisonment on Count Six, to run concurrent, for a total of 120 months' imprisonment, and three years' post-release supervision.  (Id. at 13:12-15:10.) On September 13, 2019, the Court entered judgment on Petitioner's conviction.  (Judgment.)

---

[5] See 18 U.S.C. § 3553(a).

DISCUSSION

I.  Legal Standard

To obtain relief under Section 2255, a petitioner must demonstrate "a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." Cuoco v. United States, 208 F.3d 27, 30 (2d Cir. 2000) (internal quotation marks and citations omitted). A petitioner must also show that the error had "substantial and injurious effect" that caused "actual prejudice." Brecht v. Abrahamson, 507 U.S. 619, 637 (1993) (internal quotation marks and citations omitted); Underwood v. United States, 166 F.3d 84, 87 (2d Cir. 1999) (applying Brecht to a § 2255 motion). Indeed, to "obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982). Further, a Court must exercise its discretion sparingly because Section 2255 applications "are in tension with society's strong interest in the finality of criminal convictions." Elize v. United States, No. 02-CV-1530, 2008 WL 4425286, at *5 (E.D.N.Y. Sept. 30, 2008) (internal quotation marks and citation omitted); see also Brecht, 507 U.S. at 633-34.

II.  <u>Analysis</u>

A. <u>Indictment Insufficiency Claim</u>

Petitioner claims that he is entitled to habeas relief on the grounds that, in light of the Supreme Court's decision in <u>Rehaif v. United States</u>, 139 S. Ct. 2191 (2019), the indictment failed to allege a federal offense.  Petitioner's claim is without merit.

In <u>Rehaif</u>, the Supreme Court "h[e]ld that the word 'knowingly' [in § 924(a)(2)] applies both to the defendant's conduct and to the defendant's status," and therefore that "the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm."  <u>Id.</u> at 2194, 2200. Here, however, Petitioner was charged under 18 U.S.C. § 922(g)(1), which prohibits the possession of a firearm by any person "who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1).  Relatedly, anyone who "knowingly violates" § 922(g) "shall be fined as provided in this title, imprisoned not more than 10 years, or both."  18 U.S.C. § 924(a)(2).

Petitioner contends that by omitting the knowledge element required by <u>Rehaif</u>, the Indictment failed to charge him with a federal offense.  However, courts in this Circuit have routinely rejected this argument.  In <u>United States v. Balde</u>, the

Second Circuit addressed whether a pre-<u>Rehaif</u> indictment was defective because it failed to explicitly allege that the defendant was aware of his status as a felon, and whether that potential defect deprived the district court of jurisdiction.  943 F.3d 73 (2d Cir. 2019).  The Second Circuit held that "the indictment's failure to allege [the knowledge-of-status element] was not a jurisdictional defect."  <u>Balde</u>, 943 F.3d at 90-92 (instructing that "an indictment that does not clearly indicate that the defendant is required to know he or she is in a prohibited category may be deficient in some way . . . , but its absence does not mean that the indictment fails to allege a federal offense in the sense that would speak to the district court's power to hear the case").  Other courts in this Circuit have reached similar outcomes in determining <u>Rehaif</u>-based collateral challenges to convictions. <u>See, e.g.</u>, <u>United States v. Bryant</u>, No. 16-CV-3423, 2020 WL 353424, at *3 (E.D.N.Y. Jan. 21, 2020) (denying § 2255 habeas relief on the grounds that <u>Balde</u> "forecloses [defendant's] <u>Rehaif</u>-based challenge to the Court's subject-matter jurisdiction"); <u>see also</u> <u>Diaz v. Unite States</u>, No. 20-CV-2150, 2020 WL 2115349, at *4 (S.D.N.Y. May 4, 2020) (finding that "the missing element in the indictment, issued pre-<u>Rehaif</u>, did not deprive the Court of jurisdiction over the criminal matter, or otherwise call into question the validity of the indictment").

Accordingly, despite the missing knowledge component in his pre-Rehaif Indictment, the Indictment did not fail to allege a federal offense against Petitioner and the Court had proper jurisdiction over Petitioner's criminal case. As such, Petitioner's indictment-insufficiency-claim fails.

B. Invalid Plea Claim

Petitioner avers that his plea is not constitutionally valid because it was not made intelligently and voluntarily. (See Petition at ECF p.19.) Petitioner argues that he was not put on "real notice" of the nature of the crimes charged against him, and because he never admitted knowledge of his prior felonies, there was no factual basis for the Court to accept his guilty plea. (Id.) Petitioner's claim is baseless.

As an initial matter, on or about November 27, 2018, a grand jury charged Petitioner with being a felon in possession of a firearm, among other charges. (See Indictment.) Count Six of the Indictment stated:

> On or about October 11, 2018, within the Eastern District of New York, the defendant RUDY GARCIA, having previously been convicted in a court of a crime punishable by a term of imprisonment exceeding one year, did knowingly and intentionally possess in and affecting commerce one or more firearms, to wit: a Glock 22 .40 caliber pistol and an Anderson Manufacturing AM-15 .223/.556 caliber rifle.

(Id. at ECF p.3.) Regardless of the missing knowledge component now required by Rehaif, Petitioner was on notice that, being a

9

restricted person on the basis that he was a felon, he possessed two firearms. Given the language of the Indictment brought against him, Petitioner's claim of lack of notice of the nature of the crimes for which he was charged is disingenuous.

Further, contrary to his argument that there was no factual basis for his plea in light of Rehaif, Petitioner admitted knowledge of his prior felonies during his plea allocution. On March 1, 2019, as part of a plea agreement with the Government, Petitioner pled guilty to Count One and Count Six of the Indictment. During the plea allocution in a colloquy with the Court, Petitioner admitted under oath his knowledge of his status as a felon:

> THE COURT:        Tell me what it is that you did that makes you guilty of these crimes, and that would be Count One and Count Six of the Indictment?
>
> THE DEFENDANT: On October 2017 to November 2018 I was illegally dealing in firearms.
>
> THE COURT:        Where did you do that?
>
> THE DEFENDANT: In Long Island.
>
> THE COURT:        And??
>
> THE DEFENDANT: On about January 2016, I was a felon in possession of a firearm.
>
> THE COURT:        All right.  And you know it is illegal for you to possess a firearm, right?

MR. ROSE:[6]       Your Honor, the defendant said
                   January 2016.  Referring to
                   Count Six, it's October 11,
                   2018.

THE COURT:         Count Six, okay.  Is that the
                   correct date?

THE DEFENDANT: That is the correct date.

THE COURT:         Where was that on Long Island?

THE DEFENDANT: Central Islip, Eastern
                   District of New York.

THE COURT:         What kind of weapon – what kind
                   of firearm?

THE DEFENDANT: A Glock .22, 40-caliber.

THE COURT:         And what else?

THE DEFENDANT: An Anderson Manufacturing
                   .22556 caliber rifle.

THE COURT:         And you knew you didn't have a
                   license for those firearms,
                   and you were a felon and you
                   could not possess them
                   legally?

THE DEFENDANT: Correct.

(Plea Tr. 11:11-12:18.)  Later at the plea hearing, the Court asked

the Government for an offer of proof regarding Counts One and Six,

and, regarding Petitioner's status as a felon, the Government

stated that it "would also offer certified records of the

---

[6] Mr. Rose was the prosecutor appearing on behalf of the Government
at the plea hearing.

defendant's felony convictions to establish that he was a prohibited person." (Plea Tr. 14:12-14.)

Petitioner's claim that his plea was not intelligent and voluntary must fail.  As a general matter, a guilty plea is constitutionally valid if entered into "voluntarily, knowingly, and intelligently, with sufficient awareness of relevant circumstances and likely consequences."  Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005) (quoting Brady v. United States, 397 U.S. 742, 748 (1970)).  Here, after a detailed allocution, the Court found that Petitioner entered the plea voluntarily and knowingly; Petitioner was competent, had not taken medication, was aware of the consequences to pleading guilty, and understood the nature of the charges against him.  Further, Petitioner stated under oath that he was a felon at the time he possessed firearms, and he knew that, due to his status as a felon, it was illegal for him to possess such firearms.  Therefore, there was a factual basis for his plea that met the requirements imposed by Rehaif.

Accordingly, Petitioner's claim that his plea was not constitutionally valid is unavailing.

C. Ineffective Assistance of Counsel Claims

Petitioner's claims are subject to the well-establish Strickland ineffective-assistance-of-counsel analysis.  See Strickland v. Washington, 466 U.S. 668, 688, 693 (1984).  Thus, to prevail on his claims, Plaintiff must "(1) demonstrate that his

counsel's performance 'fell below an objective standard of reasonableness' in light of 'prevailing professional norms,' and (2) 'affirmatively prove prejudice' arising from counsel's allegedly deficient representation." United States v. Cohen, 427 F.3d 164, 167 (2d Cir. 2005) (quoting Strickland, 466 U.S. at 688, 693). When considering counsel's alleged errors, the Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. If a petitioner is able to establish an error of constitutional magnitude, he must next establish that he was prejudiced by counsel's performance, meaning that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

To succeed on an ineffective assistance of counsel claim in the context of a guilty plea, "the petitioner must show that the plea agreement was not knowing and voluntary, because the advice he received from counsel was not within acceptable standards." Parisi v. United States, 529 F.3d 134, 138 (2d Cir. 2008) (internal quotation marks and citations omitted). If a petitioner shows that he was subjected to objectively unreasonable representation, he must still show that he was prejudiced. In other words, he must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty

13

and would have insisted on going to trial." <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985).

### i. Failure to Ensure Government's Burden Under Rehaif Claim

Petitioner claims that defense counsel was ineffective for advising him to plead guilty to Count Six in light of <u>Rehaif</u> on the grounds that counsel labored under a misunderstanding of the law. Petitioner's claim is unpersuasive.

Petitioner argues that counsel was ineffective for failing to ensure that the Government met its burden of proof under <u>Rehaif</u>, specifically that counsel misunderstood the law and advised Petitioner to plead guilty based on the mistaken belief that the Government would not have to prove that Petitioner had knowledge of his prior convictions. (<u>See</u> Petition at ECF p.4.) As discussed herein, in <u>Rehaif</u>, the Supreme Court held that to convict a defendant under 18 U.S.C. § 922(g), "the Government . . . must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." 139 S. Ct. at 2194. Here, Petitioner's indictment was issued pre-<u>Rehaif</u>, and Petitioner plead guilty to 18 U.S.C. § 922(g) pursuant to a plea agreement with the Government, also prior to <u>Rehaif</u>.

As to the nature of his discussions with Petitioner prior to Petitioner's guilty plea, defense counsel LaRusso states:

14

> Based on a review of my file and my recollection, . . . whether or not the government would be required to prove Garcia's knowledge of his prior felony convictions was never raised as a relevant consideration in the decision to plead guilty. On several occasions, Garcia and I together reviewed his criminal history records, which reflected multiple prior felony convictions. Contrary to the assertions in the Petition, the purpose of reviewing those records was not to determine whether Garcia was pro[b]ably aware of his prior felony convictions; it was to determine his Criminal History Category, estimate the advisory Guidelines range for his offenses, and ascertain whether his significant criminal history would result in the application at sentencing of enhanced penalties. In other words, I believe the facts and circumstances that informed Garcia's decision to plead guilty were not affected in any way by Rehaif v. United States, 139 S. Ct. 2191 (2019).

(LaRusso Decl., ECF No. 71-2, at ¶ 6.)

As to Petitioner's Rehaif-ineffective-assistance claim, Diaz v. United States is instructive. See 2020 WL 2115349. In Diaz, before the Rehaif decision was rendered and on the advice of counsel, defendant Diaz accepted a guilty plea to a § 922(g) charge. See id. at *3. However, contrary to the instant case, Diaz's plea allocution did not satisfy the knowledge component required by Rehaif. Thereafter, "the [c]ourt informed Diaz that in light of Rehaif, he could 'take [his] plea back' if he so wished. After consulting with counsel, Diaz expressly agreed that he wished to 'supplement [his] admissions to address [the Rehaif] issue." Id. ("Diaz stated that he understood what the Government's

15

burden of proof was after <u>Rehaid</u> and confirmed on the record and under oath that, on the date charged in the indictment, he possessed a firearm with the knowledge that he was a convicted felon.").  Subsequently, defendant Diaz moved for habeas relief, raising an ineffectiveness claim on the grounds that counsel misadvised him to plead guilty.  <u>See id.</u> at *1.  Rejecting Diaz's ineffectiveness claim, the court ruled that, with respect to pleading guilty, "Diaz was well advised to do so, given that he was actually sentenced to a more than one year in prison, which 'removes any doubt that [he] was aware of his membership in § 922(g)(1)'s class.'"  <u>Id.</u> at *3.  Considering the <u>Diaz</u> court's rationale, which the Court finds persuasive, in conjunction with defense counsel LaRusso's Declaration recounting his pre-plea discussions with Petitioner, Petitioner's contention that he was misadvised to plead guilty is without merit.  Petitioner is unable to demonstrate LaRusso's performance was deficient.

Moreover, even if Petitioner could demonstrate deficient performance, he cannot show he was prejudiced.  At his plea hearing, not only did Petitioner acknowledge that he was a felon who was prohibited from possessing a firearm, the Government made an offer of proof demonstrating that, had the case proceeded to trial, it would have shown proof of Petitioner's prior convictions. (Plea Tr. 11:20-12:18, 14:12-14.)  Thus, Petitioner's plea allocution and the Government's offer of proof satisfied <u>Rehaif</u>.

16

Accordingly, Petitioner's claim that LaRusso provided ineffective assistance of counsel on the grounds that he misunderstood the law and misadvised him to plead guilty is rejected.

### ii.  Failure to Conduct Pre-Trial Investigation Claim

Petitioner claims that LaRusso was ineffective for failing to conduct an adequate pre-trial investigation. He argues that had LaRusso done so, LaRusso would have developed a defense based on Rehaif, i.e., that the Court lacked jurisdiction over his 18 U.S.C. § 922(g) charge. (See Petition at ECF pp.26-30.) This argument lacks merit. As stated supra, Rehaif did not deprive this Court of jurisdiction over Petitioner's § 922(g) prosecution. See Bryant, 2020 WL 353424, at *3; Diaz, 2020 WL 2115349, at *4. Therefore, LaRusso's assistance could not have been deficient for failing to raise a baseless subject-matter jurisdiction argument.

Additionally, since Rehaif was not decided until after Petitioner was indicted and pled guilty on March 1, 2019, LaRusso would not have been able to develop a Rehaif defense prior to Petitioner's guilty plea. Further, while Rehaif was decided on June 21, 2019, prior to Petitioner's sentencing, Petitioner had already allocated to the knowledge element required by Rehaif during his plea allocution.

Accordingly, Petitioner is unable to demonstrate deficient performance based on counsel's purported failure to

investigate a Rehaif-based defense during the pre-trial stage. Moreover, Petitioner cannot demonstrate that he was prejudiced by this alleged defective assistance because, by the time Rehaif was decided, Petitioner's plea allocution had already cured the defect of the missing knowledge component in the Indictment.  In sum, this claim is meritless.

### iii. Failure to Perfect an Appeal Claim

Petitioner further contends that defense counsel LaRusso deprived him of his right to pursue an appeal before the Second Circuit.  (See Petition at ECF pp.5, 23-25.)  He asserts that, at sentencing, "he voiced his dismay to counsel LaRusso on how his case was being handled and he wasn't satisfied at all of the term's [sic] of the government plea agreement as well as the court's subject matter jurisdiction."  (Petition at ECF p.23.)  He relies upon Roe v. Flores-Ortega, 528 U.S. 470 (2000), and Garza v. Idaho, 139 S. Ct. 738 (2019), in support of this claim.  (See Petition at ECF pp.21-24.)  For the following reasons, Petitioner's claim fails.

In Roe v. Flores-Ortega, the Supreme Court held that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable."  528 U.S. at 477.  Further, if counsel's error results in "the forfeiture of a proceeding itself," prejudice from the error is presumed.  Id. at 483-84.  In Garza v. Idaho, the

Supreme Court held that such prejudice is presumed "even when the defendant has signed an appeal waiver."  139 S. Ct. at 744.

Here, Petitioner claims that he told LaRusso to "perfect an appeal in his case and counsel LaRusso stated he would file the necessary paperwork and inform [him] on all the relevant appellate development and issue raised in his case." (Petition at ECF pp.23-24.)  Petitioner further alleges that he diligently tried to contract LaRusso to inquire about the appeals process, but to no avail. (Id. at ECF p.24.)  However, Petitioner provides no context or details about the circumstances of these conversations, e.g., where, when, or how they took place, or what issue Petitioner wished to be raised on appeal.  Rather, his arguments are self-serving in nature and, without more, are not sufficiently persuasive to show that he specifically directed LaRusso to file an appeal.  In contrast, LaRusso's declaration is well-detailed; in it, he avers:

> [B]ased on a review of my file and my recollection, Garcia never requested that I file an appeal on his behalf.  Nor, contrary to the Petition, did I ever receive correspondence from Garcia inquiring about the status of any appeal.  In actuality, prior to entering a guilty plea, Garcia and I together reviewed the appellate waiver provisions in each of the two plea agreements that the government had offered.  During those discussions, I advised Garcia that, with regard to the plea agreement he ultimately accepted, absent an egregious sentencing error, a sentence of 120 months or below would preclude any possible appeal or habeas relief.

19

> Promptly after sentencing, I mailed a copy of the final judgment to Garcia and advised him that he had 14 days to file any appeal. Although we had some contact thereafter, the nature of our discussions never touched upon a potential appeal.

(LaRusso Decl. ¶ 7.)   LaRusso's statements of events are corroborated by the record.   At his plea allocution, the Court explained to Petitioner that, pursuant to his Plea Agreement with the Government, Petitioner was waiving his right to appeal as long as he received a sentence of ten years' (120 months) incarceration or less, which fact Petitioner stated that he understood.   (See Plea Tr. 5:19-23.)   At sentencing, the Court sentenced Petitioner to 120 months' incarceration, and reminded Petitioner that he had waived his right to appeal. (Sent'g Tr. 13:12-17, 15:11-22.)   When asked whether he was satisfied with LaRusso's representation, Petitioner told the Court that he was.   (Sent'g Tr. 3:5-7.) Counsel's affirmation details conversations with Petitioner, and Petitioner has failed to present any reason to doubt the veracity of those details.   As such, Petitioner fails to meet his burden to demonstrate a deficient performance.   See Chung Yu-Holguin v. United States, No. 13-CR-0259, 2020 WL 804945, at *13-14 (E.D.N.Y. Feb. 18, 2020), certificate of appealability denied sub nom. Yu-Holguin v. United States, No. 20-961, 2020 WL 8918594 (2d Cir. Oct. 13, 2020) ("Conclusory assertions like [Petitioner's], without detail or supporting documentation, have been found

20

inadequate to support a claim of ineffective assistance in the face of a credible and contradictory affidavit by counsel").

Furthermore, Petitioner's claim must fail because he cannot establish the requisite prejudice prong of the analysis. At no point does Petitioner identify the claim he wished LaRusso to raise on appeal.  The only possible claim referenced in his Petition is in Petitioner's statement that, at sentencing, "he voiced his dismay to counsel LaRusso on how his case was being handled and he wasn't satisfied at all of the term's [sic] of the government plea agreement as well as the court's subject matter jurisdiction."  (Petition at ECF p.23.)  However, Petitioner has been able to raise his jurisdictional claim here under Rehaif, and the Court has considered it and rejected it.  Thus, Petitioner cannot demonstrate that he was prejudiced.

Accordingly, Petitioner's claim that counsel was ineffective for failure to perfect an appeal on his behalf is without basis.

CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Petitioner's Petition (ECF No. 67) is **DENIED** in its entirety;

**IT IS FURTHER ORDERED** that, because there can be no debate among reasonable jurists that Petitioner is not entitled to habeas relief, the Court does not issue a Certificate of Appealability.  28 U.S.C. § 2253(c); see also Middleton v. Att'ys

Gen., 396 F.3d 207, 209 (2d Cir. 2005); and, (2) certifies that any appeal of this Order would not be taken in good faith, and thus his in forma pauperis status is denied for the purposes of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962): and

　　　　　**IT IS FURTHER ORDERED** that the Clerk of the Court: (1) mark CLOSED the corresponding civil case, Case No. 20-CV-2648; and (2) mail a copy of this Memorandum and Order to Petitioner at his address of record, including the notation "Legal Mail" on the mailing envelope.

　　　　　　　　　　　　**SO ORDERED.**


　　　　　　　　　　　　/s/ JOANNA SEYBERT
　　　　　　　　　　　　Joanna Seybert, U.S.D.J.



Dated:　　　June 8, 2022
　　　　　　Central Islip, New York


22